IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORTHERN LINE LAYERS, INC.,
a Montana corporation,

    Plaintiff,

vs.                                                Civ. No. 96-889 M/WWD

WESTERN NEW MEXICO TELEPHONE
COMPANY, INC., a New Mexico corporation,

    Defendant/Third Party Plaintiff,

vs.

MID-STATE CONSULTANTS, INC., a Utah corporation,

    Third Party Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Compel filed by Defendant and Third Party Defendant on March 12, 1998 [docket no. 40]. Movants seek more detailed information concerning Plaintiff's alleged damages claiming (1) that the initial disclosures did not contain a computation of damages with supporting documents as required by Rule 26(a)(1)(C), Federal Rules of Civil Procedure; and (2) that responses to interrogatories and requests for production seeking the same information have been incomplete. Movant seeks production of the worksheets underlying the assertions made in Plaintiff's answers to interrogatories. The interrogatory responses contain both narrative responses as to damages and a tabular computation of the alleged damages. Plaintiff, in opposing the motion to compel, suggests that Plaintiff does not understand what Defendant seeks in the motion to compel. Plaintiff concedes that it has not

1

produced "the actual worksheets and drafts of damage calculations prepared by and at the direction of Northern's counsel in preparation for responding to the damage disclosures and interrogatories", claiming that these worksheets are work product and are not discoverable.

DISCUSSION

Defendant seeks information which will enable them to investigate the assertions made by Plaintiff with respect to damages.  The situation is almost perfectly analogous with asking for the working papers and supporting documents utilized by an accountant in preparing a balance sheet.  Necessarily, since we are dealing with opinions, the underlying assumptions concerning the damages estimates must have subjective content.  Because these estimates were prepared with the assistance of counsel, Plaintiff would seek to foreclosure inquiry into the data and judgments underlying the damages set out in its discovery responses.  The only way that Defendant can question the assumptions made by Plaintiff is to know what the assumptions are.  This information is uniquely within the possession of Plaintiff and is not obtainable from some other source.  Accordingly, the worksheets and other underlying documentation relied upon by Plaintiff in tabulating its damages should be provided to Defendant.

**WHEREFORE,**

**IT IS ORDERED** that on or before April 1, 1998, Plaintiff shall deliver to Defendant copies of all worksheets relied upon by Plaintiff in its computation of damages in connection with this lawsuit.

_____
UNITED STATES MAGISTRATE JUDGE